## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MAINE

| | |
|---|---|
| In re:<br><br>**ARTSTOCK d/b/a**<br>**Artist & Craftsman Supply,**<br><br>Debtor.[1] | Chapter 11<br><br>Case No. 25-20305 |

### INTERIM ORDER: (A) AUTHORIZING THE USE OF CASH COLLATERAL; (B) GRANTING ADEQUATE PROTECTION; AND (C) GRANTING RELATED RELIEF

This matter is before this Court on the *Motion of Debtor for Entry of an Order: (A) Authorizing the Use of Cash Collateral; (B) Granting Adequate Protection; and (C) Granting Related Relief* [Dkt. No. ___] (the "**Motion**") filed by the Debtor;[2] and due and sufficient notice under the circumstances of the Motion and the hearing on the Motion having been provided by the Debtor; and upon consideration of the Motion, and the record at the hearing; and it appearing that approval of this Order (the "**Interim Order**") is fair and reasonable and in the best interests of the Debtor, the estate, and parties in interest, and is essential for the continued preservation of the Debtor's assets and to avoid immediately and irreparable harm to the Debtor and its estate; and after due deliberation and consideration and good and sufficient cause appearing therefor;

**IT IS HEREBY FOUND**:

    A.    On the Petition Date, the Debtor commenced its chapter 11 case in the Bankruptcy Court.

    B.    The Debtor is continuing to manage its assets and operate its business as a debtor-

---

[1] The last four digits of Artstock's federal taxpayer identification number are 6772, and its principal place of business is 540 Deering Avenue, Portland, Maine.
[2] Capitalized terms used, but not defined in this Order, shall have the meaning ascribed to such terms in the Motion.

in-possession.

C. No request for the appointment of an operating trustee or examiner has been made in this case.

D. The Bankruptcy Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409.

E. The Debtor has an immediate need to use Cash Collateral to have adequate liquidity to provide for, among other things, the orderly continuation of its business, to maintain business relationships, and to preserve the value of the Debtor's assets.

F. The relief in this Interim Order is necessary to avoid immediately and irreparable harm to the Debtor and its estate.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED**:

1. The Motion is **GRANTED** on an interim basis as set forth in this Interim Order.

2. The Debtor is authorized to use Cash Collateral in accordance with and to the extent set forth in the Budget attached hereto as **Exhibit A**, with recognition and allowance that the timing of revenue and expenses may be different than as projected in the Budget. The Debtor's use of Cash Collateral shall be limited to 125 percent (125%) of the aggregate expenditures as set forth in the Budget.

3. To the extent the Prepetition Lienholders are determined to be entitled to adequate protection for the Debtor's use of Cash Collateral, as adequate protection for the Debtor's use of Cash Collateral, and pursuant to Bankruptcy Code §§ 361, 363(c)(2), and 363(e), the Prepetition Lienholders shall be granted, solely to the extent of any diminution in the value of the

Prepetition Lienholders' interests in Cash Collateral of the Debtor from and after the Petition Date (such diminution in value after the Petition Date, the "**Adequate Protection Obligations**"), liens on all assets of the Debtor and its estate (other than the proceeds of any avoidance actions), which shall exist in the same order of priority that existed as of the Petition Date with the Prepetition Lienholders (the "**Adequate Protection Liens**"). In addition to the Adequate Protection Liens, pursuant to and solely to the extent set forth in § 552 of the Bankruptcy Code, the Prepetition Lienholders shall continue to hold liens, rights as assignee, and/or security interests in any and all property of the Debtor to the same extent and validity, and in the same priority, as the Prepetition Lienholders held liens, rights as assignee, and/or security interests in the Debtor's assets at the Petition Date (the "**Continuing Liens**").

4. The Adequate Protection Liens and Continuing Liens shall be valid, binding, enforceable, and fully perfected without the necessity of the execution, filing, or recording of security agreements, financing statements, or other agreements.

5. To the extent the Adequate Protection Liens and Continuing Liens are insufficient to cover the Adequate Protection Obligations in their entirety, the remaining, unsatisfied Adequate Protection Obligations shall constitute allowed administrative claims against the Debtor to the extent provided by § 507(b) of the Bankruptcy Code.

6. The terms and conditions of this Order shall be effective and immediately enforceable upon its entry on the docket notwithstanding any potential application of Bankruptcy Rules 6004, 7062, 9014, or otherwise.

7. A final hearing on the Motion shall take place before this Court on _____ __, 2026, at __:___ __.m.

8. The Debtor shall file and serve a proposed Final Order and revised Budget, if applicable, **on or before** _____**, 2026**.

9. Objections, if any, to the relief requested in the Motion being granted on a final basis shall be filed with this Court and served upon proposed counsel for the Debtor, on all parties appearing in the cases, and the Office of the United States Trustee, **on or before _____, 2026**.

10. This Interim Order constitutes findings of fact and conclusions of law and shall take effect and be fully enforceable effective immediately.


Date: _____                    _____

United States Bankruptcy Judge
District of Maine