**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| In re:<br><br>**ARTSTOCK d/b/a**<br>**Artist & Craftsman Supply,**<br><br>Debtor.[1] | Chapter 11<br><br>Case No. 25-20305 |

**INTERIM ORDER (A) AUTHORIZING THE MAINTENANCE OF BANK ACCOUNTS AND CONTINUED USE OF EXISTING BUSINESS FORMS AND CHECKS; (B) AUTHORIZING CONTINUED USE OF THE EXISTING CASH MANAGEMENT SYSTEM; AND (C) DIRECTING CAMBRIDGE SAVINGS BANK TO GRANT DEBTOR FULL ACCESS TO DEBTOR'S ACCOUNTS**

Upon *Motion of Debtor for Entry of an Order (A) Authorizing the Maintenance of Bank Accounts and Continued Use of Existing Forms and Checks; (B) Authorizing the Continued Use of the Existing Cash Management System; and (C) Directing Cambridge Savings Bank to Grant Debtor Full Access to Debtor's Accounts* [Docket No. 6] (the "**Motion**") filed by the Debtor;[2] and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b); and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and venue of the case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that sufficient notice of the Motion has been given and that no other or further notice is necessary under the circumstances; and after due deliberation thereon; and good and sufficient cause appearing therefore; and that the interim relief herein is necessary to avoid immediate and irreparable harm to the Debtor, its estate, and its creditors; it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** as follows:

---

[1] The last four digits of Artstock's federal taxpayer identification number are 6772, and its principal place of business is 540 Deering Avenue, Portland, Maine.
[2] Capitalized terms used, but not defined herein, shall have the meaning ascribed to such terms in the Motion.

1. The Motion is **GRANTED** on an interim basis as set forth herein.

2. The Debtor is authorized, in the reasonable exercise of its business judgment, and except as otherwise set forth in this Order, to: (i) maintain and continue to use the Accounts and the Cash Management System, including the Accounts and account structure as set forth on **Exhibit A** to the Motion; (ii) use the Business Forms; and (iii) treat such Accounts and Business Forms for all purposes as accounts and forms of the Debtor as "debtor-in-possession" accounts and forms.

3. Cambridge shall grant the Debtor full access and rights to the Debtor's Accounts at Cambridge and shall transfer any and all of the Debtor's funds existing or received at Cambridge to the disbursement account (reflected on **Exhibit A** to the Motion) immediately upon receipt, and shall otherwise comply with all requests from the Debtor relating to such Accounts consistent with this Order.

4. The Debtor shall maintain accurate records of all transfers within and among the Accounts, so that all post-petition transfers and transactions shall be adequately and promptly documented in, and readily ascertainable from, its books and records, so that all transactions may be readily traced, recorded properly, and distinguished between prepetition and postpetition transactions.

5. The Debtor shall include information reflecting deposits and disbursements, including statements, regarding the Accounts in its monthly operating reports.

6. The Debtor is authorized to make disbursements from the Accounts other than by check, including, without limitation, via wire transfer, debit card, or other forms of electronic transfer, to the extent consistent with the Debtor's prepetition procedures.

7. All financial institutions at which an Account is located are authorized to continue

to service and administer the Accounts as accounts of the Debtor as debtor-in-possession without interruption and in the ordinary course in a manner consistent with such practices prior to the Petition Date, and to receive, process, honor, and pay any and all checks, drafts, wires, or other electronic transfer requests issued, payable through, or drawn on such Accounts after the Petition Date by the holders or makers thereof or other parties entitled to issue instructions with respect thereto, as the case may be; <u>provided</u>, <u>however</u>, that any such checks, drafts, wires, or other electronic transfer requests issued by the Debtor before the Petition Date may be honored postpetition only if specifically authorized by an Order of this Court, and all such other actions relating to the Accounts shall be subject to the Bankruptcy Code, Bankruptcy Rules, Local Rules, and any orders of this Court except as otherwise specifically set forth herein

8. To the extent reasonably practicable, the Debtor shall mark "Debtor In Possession" on all checks issued from of the Accounts.

9. Upon request by the United States Trustee, the Debtor shall take reasonable steps to effectuate direct access by the United States Trustee to any information in possession of each financial institution relating to the Debtor, to property of the Debtor, to the Debtor's estate, or to the administration of the Debtor's estate.

10. This Order shall be effective and enforceable immediately upon entry hereof only through January 22, 2026, with the rights of all parties reserved regarding any extension of the relief herein after such date.

11. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

12. This Court shall conduct a final hearing on the relief requested in this Motion on **<u>January 22, 2026, at 1:30 p.m.</u>** The Debtor shall file a proposed final order on or before **January**

**15, 2026**.  Objections to the relief in the Motion being granted on a final basis shall be filed on or before **January 20, 2026**.

Date: December 29, 2025                /s/ Peter G. Cary
                                                              Peter G. Cary
                                                              United States Bankruptcy Judge
                                                              District of Maine