UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

| | |
|---|---|
| In re:<br><br>ARTSTOCK d/b/a Artist & Craftsman Supply,<br><br>Debtor | Chapter 11<br>Case No. 25-20305-PGC |

**UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S MOTION FOR ENTRY OF AN ORDER ON INTERIM AND THEN FINAL BASIS: (A) AUTHORIZING THE MAINTENANCE OF BANK ACCOUNTS AND CONTINUED USE OF EXISTING BUSINESS FORMS AND CHECKS; (B) AUTHORIZING CONTINUED USE OF THE EXISTING CASH MANAGEMENT SYSTEM; (C) DIRECTING CAMBRIDGE SAVINGS BANK TO GRANT DEBTOR FULL ACCESS TO DEBTOR'S ACCOUNTS [ECF NO. 6]**

Pursuant to 28 U.S.C. § 586, 11 U.S.C. §§ 105(a) and 345(b), William K. Harrington, the United States Trustee for Region 1 ("**United States Trustee**"), respectfully submits this objection to the Debtor's *Motion for Entry of an Order on Interim and Then Final Basis: (A) Authorizing the Maintenance of Bank Accounts and Continued Use of Existing Business Forms and Checks; (B) Authorizing Continued Use of the Existing Cash Management System; (C) Directing Cambridge Savings Bank to Grant Debtor Full Access to Debtor's Accounts* ("**Cash Management Motion**") [ECF No. 6] as follows:

### I. PRELIMINARY STATEMENT

1.  Through the current Cash Management Motion, the Debtor seeks authorization from the Court to maintain its existing bank accounts and to waive the requirements of section 345(b) to the extent inconsistent with its current cash management system. The United States Trustee objects to the Motion on the grounds that the Debtor's accounts do not currently comply with section 345(b), and the Debtor has failed to establish cause to deviate from the well-founded requirements of section 345(b). Accordingly, the Court should deny the Motion and direct the

Debtor to comply with section 345(b) by closing the accounts and moving the funds into debtor-in-possession accounts at authorized depositories or by obtaining an appropriate bond.

## II. FACTS AND PROCEDURAL STATUS

2. On December 21, 2025 ("**Petition Date**"), ARTSTOCK d/b/a Artist & Craftsman Supply ("**Debtor**") commenced the above-captioned voluntary chapter 11 case. ECF No. 1.

3. Upon information and belief, the Debtor is a Maine business corporation that operates a chain of independent art material retail locations in multiple states in addition to selling goods online.

4. On December 21, 2025, the Debtor filed the Cash Management Motion [ECF No. 6] and the declaration of its Chief Financial Officer, Glenn. L. Davis, in support of its first-day motions. ECF No. 8 ("**Davis Declaration**").

5. Prior to the Petition Date, the Debtor maintained various accounts held at different banks throughout the country which ultimately consolidated proceeds in accounts at Cambridge Savings Bank. *See* Davis Declaration at ¶ 7; Cash Management Motion at Ex. A.

6. To assist debtors-in-possession in carrying out their statutory and fiduciary duties, the United States Trustee has published guidelines ("**Guidelines**"), which are provided to every chapter 11 debtor-in-possession. [1] The Guidelines instruct a chapter 11 debtor, inter alia, to close all pre-petition bank accounts and to use only debtor-in-possession bank accounts at authorized financial institutions for all post-petition banking transactions. [2] As authorized depositories,

---

[1] . The version of the Guidelines effective February 1, 2023, is publicly available on the Region 1 website at https://www.justice.gov/ust/ust-regions-r01/region-1-general-information.

[2] The United States Trustee's list of authorized depositories for bankruptcy cases filed in Region 1 is publicly available on the Region 1 website at https://www.justice.gov/ust/ust-regions-r01/region-1-general-information.

those banks have pledged to collateralize and maintain all bankruptcy accounts in accordance with 11 U.S.C. § 345 and have agreed to provide the United States Trustee quarterly reports for all bankruptcy estate accounts on deposit at all branches of the depository within the district.

7. Of the institutions listed on Exhibit A to the Motion, Cambridge Savings Bank and South State Bank are not currently United States Trustee authorized depositories.

8. The United States Trustee has not received evidence that the Debtor has taken the affirmative steps necessary to have the accounts that are currently located at authorized depositories properly designated as debtor-in-possession accounts for Region 1.

9. The most recent cash collateral budget filed by the Debtor shows weekly cash receipts and weekly ending cash balances in amounts regularly exceeding $1,000,000. *See* ECF No. 89-1.

### III. APPLICABLE LEGAL STANDARDS

10. Bankruptcy Code Section 345(b) provides that money of a bankruptcy estate shall be insured or guaranteed by the United States or by a department, agency or instrumentality of the United States, or backed by the full faith and credit of the United States. *See* 11 U.S.C. § 345(b). Money of the estate may also be deposited in an entity that has posted a bond in favor of the United States or has deposited securities with the Federal Reserve Bank in an account maintained by the United States Trustee. *Id*.

11. The United States Trustee's Guidelines implement 11 U.S.C. § 345(b) in chapter 11 cases. Debtors must demonstrate "cause" to waive the requirements of 11 U.S.C. § 345(b) and, derivatively, the Guidelines. 11 U.S.C. § 345(b)(2). *See In re Serv. Merch. Co., Inc.*, 240 B.R. 894, 896 (Bankr. M.D. Tenn. 1999) (listing several factors for determining if "cause"

exists); *In re Ditech Holding Corp.*, 605. B.R. 10, 22 (Bankr. S.D.N.Y. 2019) (applying a totality of the circumstances test).

## IV.  ARGUMENT

### A.  The Court Should Deny the Motion and Direct the Debtor to Comply with Section 345(b).

12. Section 345(b) "accounts for the reality that banks fail and that full recovery of deposited funds is unlikely in this unfortunate event." *In re King Mountain Tobacco Co., Inc.*, 623 B.R. 323, 328 (Bankr. E.D. Wash. 2020).  Section 345(b) "was 'designed to reduce' risk to creditors, who are 'often the residual claimants of the accounts and thus the parties bearing the ultimate risk of loss—despite their typical lack of control over how the funds are held.'"  *In re Samy*, No. 24-11169, 2025 WL 1671906, at *5 n.26 (Bankr. D. Kan. June 11, 2025) (citing *In re King Mountain Tobacco Co.*, 623 B.R. at 328-29).

13. The Debtor's accounts do not currently comply with section 345(b).  Cambridge Savings Bank and South State Bank are not United States Trustee authorized depositories, nor has the United States Trustee received evidence that the Debtor's other accounts that are currently located at authorized depositories have been properly designated as debtor-in-possession accounts for Region 1.  According to the Debtor's filed budgets, the Debtor regularly obtains weekly cash receipts and weekly ending cash balances in amounts greater than $1,000,000 – amounts which far exceed the $250,000 FDIC maximum insurance coverage.

14. The Debtor has failed to establish cause to deviate from the well-founded requirements of section 345(b).  In determining whether the requirements of section 345(b) may be waived "for cause," bankruptcy courts apply a ten-factor totalities test.  *See In re Serv. Merch. Co., Inc.*, 240 B.R. 894, 896 (Bankr. M.D. Tenn. 1999).  The Cash Management Motion neither

cites the *Service Merchandise* factors nor analyzes them; it fails to advance any basis for overriding 11 U.S.C. § 345(b) based upon the test set forth in *Service Merchandise*. *See id*.

15. The United States Trustee objects to the Debtor keeping funds in non-authorized depository accounts, as doing so may violate the Debtor's fiduciary obligations under 11 U.S.C. § 345(b) and unjustifiably place estate funds at risk. With regard to the Debtor's accounts that are currently held at authorized depositories, the Debtor should provide evidence that those accounts have been properly designated as debtor-in-possession accounts for Region 1.

16. For the sake of clarity and to the extent there is any ambiguity in the relief requested by the Debtor through the Cash Management Motion, the United States Trustee expressly objects to the continued use of the Debtor's cash management system to the extent it would permit the "sweeping" of any accounts by Cambridge Savings Bank to pay any prepetition debt, as depicted in Exhibit A to the Motion.

17. The United States Trustee also objects to the relief requested in Paragraphs 6 and 7 of the Debtor's proposed order [ECF No. 84] because those provisions could be read to permit third parties the right to access or withdraw from the Debtor's accounts without the Debtor's oversight, review, and approval.

WHEREFORE, the United States Trustee hereby objects to the Debtor's *Motion for Entry of an Order on Interim and Then Final Basis: (A) Authorizing the Maintenance of Bank Accounts and Continued Use of Existing Business Forms and Checks; (B) Authorizing Continued Use of the Existing Cash Management System; (C) Directing Cambridge Savings Bank to Grant Debtor Full Access to Debtor's Accounts* [ECF No. 6].

Respectfully submitted,

>
> WILLIAM K. HARRINGTON,
> UNITED STATES TRUSTEE

Dated: January 20, 2026    By:    /s/ Ann Marie Dirsa
                                  Ann Marie Dirsa BNH# 06121
                                  Office of the United States Trustee
                                  53 Pleasant Street, Ste. 2300
                                  Concord, NH 03301
                                  (603) 333-2781

### CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below I served copies of the foregoing pleading(s) entitled <u>United States Trustee's Objection to Debtor's Motion for Entry of an Order on Interim and Then Final Basis: (A) Authorizing the Maintenance of Bank Accounts and Continued Use of Existing Business Forms and Checks; (B) Authorizing Continued Use of the Existing Cash Management System; (C) Directing Cambridge Savings Bank to Grant Debtor Full Access to Debtor's Accounts</u> to all parties named below by United States first class postage prepaid mail at the address(es) listed or in such other manner as I have indicated:

Via U.S. Mail, postage prepaid to:    N/A

Via the Court's CM/ECF system to:

- D. Sam Anderson, Esq.
- Brendan T. Barry, Esq.
- Fred W. Bopp, III, Esq.
- David C. Johnson, Esq.
- Anthony J. Manhart, Esq.
- Kelly McDonald, Esq.
- Lindsay Zahradka Milne, Esq.
- Adam R. Prescott, Esq.
- Brendan C. Recupero, Esq.

I <u>Ann Marie Dirsa</u>, certify that I am eighteen (18) years of age or older, and under penalty of perjury, that the foregoing is true and correct.

Dated: January 20, 2026    By:    /s/ Ann Marie Dirsa
                                  Ann Marie Dirsa, BNH 06121
                                  Office of the U.S. Trustee
                                  53 Pleasant Street, Suite 2300
                                  Concord, NH 03301
                                  (603) 333-2781