**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| In re:<br><br>ARTSTOCK d/b/a Artist & Craftsman Supply,<br><br>      Debtor | Chapter 11<br>Case No. 25-20305-PGC |

**UNITED STATES TRUSTEE'S LIMITED OBJECTION AND RESERVATION OF RIGHTS REGARDING MOTION OF DEBTOR FOR: (I) ENTRY OF AN ORDER ON INTERIM AND THEN FINAL BASIS: (A) AUTHORIZING THE USE OF CASH COLLATERAL; (B) GRANTING ADEQUATE PROTECTION; AND (C) GRANTING RELATED RELIEF**

Pursuant to 28 U.S.C. § 586 and 11 U.S.C. §§ 363(a) and 552(b), William K. Harrington, the United States Trustee for Region 1 ("**United States Trustee**"), submits this limited objection and reservation of rights regarding the *Motion of Debtor for: (I) Entry of an Order on Interim and Then Final Basis: (A) Authorizing the Use of Cash Collateral; (B) Granting Adequate Protection; and (C) Granting Related Relief* ("**Cash Collateral Motion**") [ECF No. 3] as follows:

### I. PROCEDURAL STATUS

1.    On December 21, 2025 ("**Petition Date**"), ARTSTOCK d/b/a Artist & Craftsman Supply ("**Debtor**") commenced the above-captioned voluntary chapter 11 case. ECF No. 1.

2.    Upon information and belief, the Debtor is a Maine business corporation that operates a chain of independent art material retail locations in multiple states in addition to selling goods online.

3.    The Debtor filed the current Cash Collateral Motion on December 21, 2025, seeking interim relief on an emergency basis. ECF No. 3.

4.    An interim order authorizing the use of cash collateral entered after a hearing on

December 23, 2025.  ECF No. 31.  That order required the Debtor to file a proposed final order and revised budget if applicable by January 15, 2026, and scheduled a final cash collateral hearing for January 22, 2026.  *Id*.

5. A proposed order ("**Proposed Order**") and revised budget ("**Budget**") were filed by the Debtor on January 15, 2026.  ECF No. 89.

6. On January 12, 2026, the Debtor filed its Schedules and Statement of Financial Affairs.  ECF No. 80.  According to the Debtor's Schedules, Cambridge Savings Bank (the "**Cambridge**") holds a claim of $1,346,370, secured by a lien on collateral valued at $5,016,703.  *Id*. at 19.

7. The United States Trustee filed an Appointment of Official Committee of Unsecured Creditors ("**Committee**") on January 12, 2026.  ECF No. 83.

## II.    OBJECTION

8. ***The Waiver of Estate Rights and Protections Is Not Warranted Under the Facts of This Case***.  In exchange for Cambridge's consent to the use of cash collateral, the Debtor proposes to provide Cambridge a replacement lien; monthly payments of interest at the default interest rate under the Cambridge loan documents; a collateral monitoring fee; and waivers of all the Debtor's and the estate's rights, claims, and defenses.  *See* ECF No. 89, ¶G, ¶2, ¶4.  The Debtor asserts no justification for the relinquishment of the estate's rights set forth in Paragraph G.  In the context of the present Motion, the Debtor has failed to demonstrate that these terms are fair, reasonable, or in the best interests of the estate.

9. The claims, defenses, rights and protections afforded to the Debtor and the estate should not be treated as mere boilerplate, nor should they be traded away without justification.

Here, Cambridge is not advancing new funds and appears to be significantly oversecured – by more than $3.6 million according to Schedule D.  But in any event, Cambridge will receive replacement liens on the Debtor's assets to protect against diminution, in addition to monthly payments of interest at the default interest rate under the Cambridge loan documents, and a collateral monitoring fee every month, as set forth in the Budget.  The waiver of the estate's rights, claims, and defenses in Paragraph G of the Proposed Order in addition to these provisions, goes beyond what is necessary to provide adequate protection to Cambridge and would unfairly deprive the estate and its unsecured creditors of fundamental claims and protections to which they otherwise may be entitled.

10. The Proposed Order purportedly contains a challenge period for the Committee or subsequent trustee.  *See* ECF No. 89, ¶7.  That provision, however, is rendered ineffective by the fact that "the stipulations and admissions contained in Paragraph G of this Interim Order shall remain binding and preclusive on the Debtor" even if a challenge is timely filed.  *Id*.  It makes little sense to have a challenge period if any efforts to raise those rights, claims, or defenses could be nullified by the Debtor's own unassailable stipulations and admissions.

11. **_Reservation of Rights_**.  The United States Trustee understands that the Proposed Order remains the subject of ongoing discussions.  The United States Trustee submits this objection with regard the cash collateral order that was publicly filed [ECF No. 89].  The United States Trustee reserves the right to raise additional objections to any issues that arise with regard to any revised proposed order or budget that may be filed in this case.

WHEREFORE, the United States Trustee submits this Limited Objection and Reservation of Rights regarding the Motion of Debtor for: (I) Entry of an Order on Interim and Then Final Basis: (A) Authorizing the Use of Cash Collateral; (B) Granting Adequate Protection; and (C) Granting Related Relief [ECF No. 3].

        WILLIAM K. HARRINGTON,
        UNITED STATES TRUSTEE

Dated: January 20, 2026    By:    /s/ Ann Marie Dirsa
        Ann Marie Dirsa BNH# 06121
        Office of the United States Trustee
        53 Pleasant Street, Ste. 2300
        Concord, NH 03301
        (603) 333-2781

## CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below I served copies of the foregoing pleading(s) entitled Limited Objection and Reservation of Rights regarding the Motion of Debtor for: (I) Entry of an Order on Interim and Then Final Basis: (A) Authorizing the Use of Cash Collateral; (B) Granting Adequate Protection; and (C) Granting Related ReliefasAn to all parties named below by United States first class postage prepaid mail at the address(es) listed or in such other manner as I have indicated:

Via U.S. Mail, postage prepaid to:    N/A

Via the Court's CM/ECF system to:

- D. Sam Anderson, Esq.
- Brendan T. Barry, Esq.
- Fred W. Bopp, III, Esq.
- David C. Johnson, Esq.
- Anthony J. Manhart, Esq.
- Kelly McDonald, Esq.
- Lindsay Zahradka Milne, Esq.
- Adam R. Prescott, Esq.
- Brendan C. Recupero, Esq.

I Ann Marie Dirsa, certify that I am eighteen (18) years of age or older, and under penalty of perjury, that the foregoing is true and correct.

Dated: January 20, 2026         By:     /s/ Ann Marie Dirsa
                                        Ann Marie Dirsa, BNH 06121
                                        Office of the U.S. Trustee
                                        53 Pleasant Street, Suite 2300
                                        Concord, NH 03301
                                        (603) 333-2781