**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| **In re:**<br><br>**ARTSTOCK d/b/a**<br>**Artist & Craftsman Supply,**<br><br>Debtor | **Chapter 11**<br><br>**Case No. 25-20305** |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO MOTION OF THE DEBTOR FOR: (I) ENTRY OF AN ORDER ON AN INTERIM AND THEN FINAL BASIS: (A) AUTHORIZING THE USE OF CASH COLLATERAL; (B) GRANTING ADEQUATE PROTECTION; AND (C) GRANTING RELATED RELIEF; AND (II) GRANTING EMERGENCY DETERMINATION AND LIMITING NOTICE ON AN INTERIM BASIS**

The Official Committee of Unsecured Creditors (the "**Committee**") of Artstock d/b/a Artist & Craftsman Supply (the "**Debtor**") hereby files this limited objection and reservation of rights to the Cash Collateral Motion,[1] and states as follows:

1. The Office of the United States Trustee formed the Committee on January 12, 2026 [D.E. 83], comprising five members from across time zones in the United States. The Committee chose counsel on the evening of January 15, 2026.

2. The Debtor filed the proposed second interim cash collateral order later that evening [D.E. 89] (the "Proposed Second Interim Order"), which included the Debtor's stipulations to the extent, validity and priority of Cambridge's liens and claims (the "Stipulations") and a corresponding challenge period for the Committee and other parties in interests to investigate and potentially challenge those liens and claims (the "Challenge Provision"). On January 19, 2026

---

[1] The "Cash Collateral Motion" means the *Motion of the Debtor for: (I) Entry of an Order on an Interim and Then Final Basis: (A) Authorizing the Use of Cash Collateral; (B) Granting Adequate Protection; and (C) Granting Related Relief; and (II) Granting Emergency Determination and Limiting Notice on an Interim Basis* [D.E. 3]. Capitalized terms, used but not defined herein, shall have the meanings ascribed to such terms in the Cash Collateral Motion.

(a federal holiday), counsel to the Debtor transmitted to proposed Committee counsel Cambridge's revisions to the Proposed Second Interim Order.

3. The Committee supports the Debtor's access to Cash Collateral and looks forward to working cooperatively with the Debtor, Cambridge, and other parties in interest to maximize value in this chapter 11 case. But having only selected counsel two business days before the deadline to object to the Proposed Second Interim Order, the Committee has not yet had the opportunity to align schedules to meet—let alone acquit its fiduciary duty to analyze the relief requested and raise any concerns. In particular, the Committee has not yet had time to analyze the breadth of the Stipulations and the adequacy of the Challenge Provision, both of which the Committee submits are more appropriately reserved for a final order granting use of cash collateral than an interim one.[2] Should the Court determine that entry of an interim order with provisions similar to the Stipulations and Challenge Provision is appropriate, the enforceability of those provisions should be subject to entry of a final order.

4. The Committee will continue to work with the Debtor to resolve the Committee's concerns with the Proposed Second Interim Order. But absent resolution, for the reasons set forth above, the Committee respectfully objects to entry of the Proposed Second Interim Order without either (a) removing the Stipulations and Challenge Provision or (b) making them subject to entry of a final order.

---

[2] The Committee did make this request of the Debtor, which was denied.

2

Dated: January 20, 2026  Respectfully submitted,

*/s/ Lindsay Zahradka Milne*
Lindsay Zahradka Milne
Nathaniel Hull
Verrill Dana LLP
One Portland Square, 10th Floor
Portland, Maine 04101
Telephone: (207) 774-4000
lmilne@verrill-law.com
nhull@verrill-law.com

*Proposed Counsel to the Official Committee of Unsecured Creditors*