**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| In re:<br><br>ARTSTOCK d/b/a<br>ARTIST & CRAFTSMAN SUPPLY,<br><br>Debtor.[1] | Chapter 11<br><br>Case No. 25-20305 |

**FIRST OMNIBUS MOTION OF DEBTOR FOR ORDER: (I) AUTHORIZING REJECTION OF CERTAIN UNEXPIRED LEASES EFFECTIVE AS OF MARCH 1, 2026; AND (II) ESTABLISHING CLAIMS BAR DATE RELATED TO SUCH REJECTION**

> **THIS MOTION SEEKS TO REJECT CERTAIN UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY. PARTIES RECEIVING THIS OMNIBUS MOTION SHOULD REVIEW THE MOTION TO SEE IF THEIR NAME(S) AND/OR LEASE(S) ARE SET FORTH IN THE MOTION AND/OR THE EXHIBITS ATTACHED THERETO TO DETERMINE WHETHER THE MOTION AFFECTS THEIR LEASE(S).**

Artstock, d/b/a Artist & Craftsman Supply ("**Artstock**"), the above-captioned debtor and debtor-in-possession (the "**Debtor**"), moves this Court (the "**Motion**") for an entry of an order, substantially in the form filed herewith, pursuant to §§ 105(a), 363(b)(1), and 365(a) of the Bankruptcy Code (defined below), and Federal Rule of Bankruptcy Procedure 6006 (the "**Bankruptcy Rules**"): (i) authorizing the Debtor to reject the unexpired leases identified on **Exhibit A** to this Motion (the "**Rejected Leases**") effective as of March 31, 2026; and (ii) establishing the Bar Date (defined below) for filing or asserting a claim against the Debtor and the estate arising from such relief. In support of this Motion, the Debtor states as follows:

**JURISDICTION AND VENUE**

1. The United States District Court for the District of Maine (the "**District Court**")

---

[1] The last four digits of Artstock's federal taxpayer identification number are 6772, and its principal place of business is 100 Larrabee Road, Westbrook, Maine.

has original, but not exclusive, jurisdiction over the Debtor's chapter 11 case pursuant to 28 U.S.C. § 1334(b). Pursuant to 28 U.S.C. § 157 and Rule 83.6 of the District Court's local rules, the District Court has authority to refer and has referred this proceeding to this Court.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court has constitutional authority to enter final judgment in this proceeding.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1408, and venue over this proceeding is proper in this district pursuant to 28 U.S.C. § 1409.

## BACKGROUND

4. On December 21, 2025 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101 et seq. (the "**Bankruptcy Code**") in this Court. The Debtor continues to manage and operate its business and property as a debtor-in-possession under §§ 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the chapter 11 case. The Official Committee of Unsecured Creditors was appointed on January 12, 2026.

5. Prior to the Petition Date, the Debtor entered into certain nonresidential leases in connection with its business operations as a retailer of art supplies and other similar products. As part of its reorganization strategy, the Debtor has carefully reviewed (and continues to review) the performance of its various locations, including the revenue at stores and the cost of rent and other expenses pursuant to the store leases that are required to continue operating those locations. The Debtor has also evaluated the location of these stores, alternative locations in the area, and the Debtor's ability to negotiate different, more favorable lease terms at various locations that might make maintaining a location more economically feasible.

6. Based on that analysis, the Debtor has identified an initial set of leases—the

Rejected Leases—that are no longer beneficial for the estate because they are for stores that the Debtor intends to close as part of its reorganization strategy.  These Rejected Leases are for the Debtor's stores located at 229 Southwest Boulevard, Kansas City, Missouri, and 12-18 West Willow Grove Avenue, Philadelphia, Pennsylvania.  The Debtor believes, in the exercise of its business judgment, that given its intent to close these two stores, rejection of the Rejected Leases will facilitate the orderly closure of the stores, minimize the financial burden to the estate for maintaining unnecessary leases, and facilitate the broader reorganization strategy of the Debtor in this case.

7. Finally, as part of these store closures, the Debtor is coordinating a liquidation of its inventory at the locations and removal of any estate property prior to closure.  To ensure an orderly closure and move-out process, the Debtor requests that the rejections be effective as of March 31, 2026, which is the date on which the Debtor anticipates having completed the closure process and moved all estate property out of the applicable locations subject to the Rejected Leases.

## RELIEF REQUESTED

8. By this Motion, the Debtor seeks entry of an order authorizing the Debtor to reject the Rejected Leases effective as of March 31, 2026, and establishing the Bar Date for filing or asserting any claims arising from such rejections under this Motion.

## BASIS FOR RELIEF

9. Section 365(a) of the Bankruptcy Code provides that a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired lease." 11 U.S.C. § 365(a).  Courts routinely approve motions to reject unexpired leases upon a showing that the debtor's decision to take such action will benefit the debtor's estate and is an exercise of the

debtor's sound "business judgment." See NLRB v. Bildisco & Bildisco, 465 U.S. 513, 523 (1984) (stating that the traditional standard applied by courts to authorize the rejection of an executory contract is that of "business judgment"); In re The Fin. Oversight & Mgmt. Bd. For Puerto Rico, 9 F.4th 1, 12-13 (1st Cir. 2021) ("Bankruptcy courts generally approve motions brought under section 365(a) under the deferential business judgment rule.") (internal citation and quotation marks omitted).

10. The business judgment rule "accords a debtor's decision to assume or reject an executory contract or unexpired lease 'the deference mandated by the sound business judgment rule as generally applied by courts to discretionary actions or decisions of corporate directors.'" In re Malden Brooks Farm LLC, 435 B.R. 81, 83 (Bankr. D. Mass. 2010) (quoting Lubrizol Enterprises, Inc. v. Richmond Metal Finishers, Inc. (In re Richmond Metal Finishers, Inc.), 756 F.2d 1043, 1046 (4th Cir. 1985)); see also In re Trans World Airlines, Inc., 261 B.R. 103, 121 (Bankr. D. Del. 2001) ("A debtor's decision to reject an executory contract must be summarily affirmed unless it is the product of bad faith, or whim or caprice."). The "business judgment" test is not a strict standard; it merely requires a showing that either assumption or rejection of the executory contract or unexpired lease will benefit the debtor's estate. See N.L.R.B. v. Bildisco (In re Bildisco), 682 F.2d 72, 79 (3d Cir. 1982) (noting that the "usual test for rejection of an executory contract is simply whether rejection would benefit the estate"), aff'd, 465 U.S. 513.

11. Here, the Debtor's rejection of the Rejected Leases is an appropriate exercise of its business judgment and will reduce the administrative burden on its estate, thus providing a benefit to the estate and its creditors. The Rejected Leases are financially burdensome and, following the store closings, are not necessary for the continued operation of the Debtor's business at these locations. Further, the Debtor believes that the Rejected Leases have no

4

marketable value that could be generated through subsequent assumption and assignment, nor has any potential party proposed to assume the Rejected Leases. Accordingly, the Debtor's continued performance under the Rejected Leases after March 31, 2026, would constitute an unnecessary depletion of value of the Debtor's estate, would give rise to unnecessary administrative expense claims, and would frustrate the Debtor's overall bankruptcy strategy.

12. Finally, to ensure the orderly administration of this case and the timely filing of proofs of claim, the Debtor requests that this Court establish April 27, 2026 (the "**Bar Date**")[2] as the deadline for the counterparties to the Rejected Leases to file a proof of claim for rejection damages arising from the relief sought in this Motion, see 11 U.S.C. §365(g), Fed. R. Bankr. P. 3003(c), and filing any motion for allowance of an administrative expenses claim arising from the Rejected Leases, with any claim not timely filed by the Bar Date being forever barred against the Debtor and its estate.

### COMPLIANCE WITH BANKRUPTCY RULE 6006(F)

13. Bankruptcy Rule 6006(f) establishes requirements for an omnibus motion to reject executory contracts or unexpired leases. Specifically, Bankruptcy Rule 6006(f) states, in part, that such a motion shall: (a) "state in a conspicuous place that parties receiving the omnibus motion should locate their names and their contracts or leases listed in the motion," (b) "list parties alphabetically and identify the corresponding contract or lease," (c) "be numbered consecutively with other omnibus motions to assume, assign, or reject executory contracts or unexpired leases," and (d) "be limited to no more than 100 executory contracts or unexpired leases." Fed. R. Bankr. P. 6006(f). The Debtor submits that this Motion complies with the requirements of Bankruptcy Rule 6006(f).

---

[2] April 27, 2026, is the current deadline for filing a proof of claim for non-governmental units. See Dkt. No. 25 (Notice of Chapter 11 Case).

## **REQUEST FOR IMMEDIATE RELIEF AND WAIVER OF STAY**

14. Pursuant to Bankruptcy Rule 6004(h), the Debtor seeks a waiver of any stay of the effectiveness of an order granting this Motion, to the extent that it applies to the relief requested in this Motion. Bankruptcy Rule 6004(h) provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court provides otherwise." The relief requested in this Motion is essential to avoid the potential accrual of unnecessary administrative expenses. Accordingly, the Debtor submits that, to the extent that Bankruptcy Rule 6004(h) applies, ample cause exists to justify a waiver of the stay.

15. Nothing in this Motion shall: (a) constitute an admission as to the validity or priority of any claim against the Debtor, including as to any rejection damage claim; (b) constitute an admission by the Debtor as to the existence or validity of any contract, or that any contract is executory in nature; and (c) constitute a waiver of the Debtor's rights to dispute or object to any claim on any basis, including, without limitation, that a Rejected Lease was terminated upon its own terms prior to the Petition Date or the effective date of rejection under this Motion.

WHEREFORE, the Debtor respectfully requests that this Court enter the proposed order, approve the rejection of the Rejected Leases, establish the Bar Date, and granting such other and further relief as this Court deems just and equitable.

[intentionally left blank]

Date: January 27, 2026

Respectfully submitted,

**BERNSTEIN, SHUR, SAWYER & NELSON, P.A.**

/s/ D. Sam Anderson
D. Sam Anderson, Esq.
Adam R. Prescott, Esq.
100 Middle Street
PO Box 9729
Portland, Maine 04104
Telephone: (207) 774-1200
Facsimile: (207) 774-1127
sanderson@bernsteinshur.com
aprescott@bernsteinshur.com

Counsel to the Debtor and Debtor in Possession