**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| In re: ) | |
| ) | |
| Artstock d/b/a Artist & Craftsman Supply, ) | Chapter 11 |
| ) | |
| ) | Case No. 25-20305 |
| Debtor. ) | |
| ) | |

**ORDER APPROVING APPLICATION OF THE OFFICAL COMMITTEE OF UNSECURED CERDITORS TO EMPLOY VERRILL DANA LLP, EFFECTIVE AS OF JANUARY 15, 2026, AS COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS PURSUANT TO 11 U.S.C. §§ 328(a) AND 1103(a) AND FEDERAL RULES OF BANKRPUTCY PROCEDURE 2014**

Upon consideration of the application (the "Application") of the Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtor and debtor-in possession (the "Debtors") to employ Verrill Dana LLP ("Verrill"), effective retroactively as of January 15, 2026, as counsel for the Committee; and upon consideration of the Declarations of Lindsay K. Milne and John Sooklaris, in his capacity as Authorized Representative of the Committee, in support of the Application; and after sufficient notice and an opportunity for a hearing; and this Court being satisfied that Verrill is disinterested and otherwise eligible for employment by the Committee; and this Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Committee consenting to entry of a final order under Article III of the United States Constitution; and venue of this Chapter 11 case and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Application has been given and that no other or further notice is

necessary; and upon the record herein; after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby **ORDERED, ADJUDGED, AND DECREED** as follows:

1. The Application is **GRANTED** as set forth herein.

2. The Committee is authorized to employ Verrill, effective as of January 15, 2026, to serve as its counsel in the above-captioned case and to render the services set forth in the Application and the Milne Declaration, pursuant to §§ 328(a) and 1103(a) of the Bankruptcy Code, Rule 2014(a) of the Bankruptcy Rules, and Rule 2014-1 of the Local Rules.

3. Verrill shall be compensated in accordance with the procedures set forth in 11 U.S.C. §§ 330 and 331, the applicable Federal Rules of Bankruptcy Procedure, the Local Rules of this Court, and any Order entered by this Court in respect of compensation of professionals.

4. Notwithstanding anything to the contrary in the Application, Verrill shall not seek reimbursement of expenses for office supplies, any secretarial charges, or other overtime charges.

5. Verrill shall not charge a markup to the Committee with respect to fees billed by contract attorneys who are hired by Verrill to provide services to the Committee and shall ensure that any such contract attorneys are subject to conflicts checks and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules. For the avoidance of doubt, Verrill shall neither share fees with existing or future contract attorneys who advise the Committee nor enter into fee sharing arrangements with such contract attorneys.

6. Prior to any increases in Verrill's rates for any individual employed by Verrill and providing services in the Chapter 11 case, Verrill shall file a supplemental declaration with the Court and provide ten business days' notice to the Debtor, the U.S, Trustee, and the Committee. The supplemental declaration shall explain the basis for the requested rate

increases in accordance with Bankruptcy Code § 330(a)(3)(F) and state whether the Committee has consented to the rate increase.

7. Verrill shall use reasonable efforts to avoid any duplication of services provided by any of the other retained professions of the Committee in this Chapter 11 case.

8. This Order shall become final in 14 days unless an interested party sooner objects, in which case the matter shall be set for hearing and considered by the court as if this Order had not been entered.

9. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Date: February 17, 2026

/s/ Peter G. Cary
Peter G. Cary
United States Bankruptcy Judge
District of Maine