**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

In re:

**ARTSTOCK d/b/a Artist &**
**Craftsman Supply,**

Debtor

**Chapter 11**
**Case No. 25-20305-PGC**

**UNITED STATES TRUSTEE'S OBJECTION TO THE APPLICATION OF THE
DEBTOR FOR ORDER AUTHORIZING: (I) EMPLOYMENT OF ROYER P.A. AS
ACCOUNTANT AND TAX ADVISOR FOR THE DEBTOR, AND (II) ALLOWANCE
AND PAYMENT OF PROFESSIONAL'S CLAIM FOR PREPETITION SERVICES**

Pursuant to 28 U.S.C. § 586, 11 U.S.C. § 327, and Fed. R. Bankr. P. 2014, William K.

Harrington, United States Trustee for Region 1 ("**United States Trustee**") objects to the

debtor's application for an order authorizing the employment of Royer P.A. ("**Royer**").

In support of his objection, the United States Trustee respectfully submits as follows:

**PROCEDURAL STATUS**

1.      On December 21, 2025 ("**Petition Date**"), ARTSTOCK d/b/a Artist & Craftsman

Supply ("**Debtor**") commenced the above-captioned voluntary chapter 11 case.  ECF No. 1.

2.      Upon information and belief, the Debtor is a Maine business corporation that

operates a chain of independent art material retail locations in multiple states in addition to

selling goods online.

3.      On March 11, 2026, the Debtor filed an *Application of the Debtor for Order*

*Authorizing: (I) Employment of Royer P.A. as Accountant and Tax Advisor for the Debtor, and*

*(II) Allowance and Payment of Professional's Claim for Prepetition Services* ("**Application to**

**Employ**").  ECF No. 181.  In support of the Application to Employ the Debtor submitted a

Declaration of Michael C. Royer ("**Declaration**") (ECF No. 181, Ex. A) and a proposed order.

ECF No. 181-1 ("**Proposed Order**").

4.      According to the Declaration, Royer holds an unsecured claim against the estate in the amount of $7,485 for prepetition services rendered.  *See* Declaration, ¶ 8.

5.      The Debtor seeks authorization to pay Royer for fixed fee services of $70,275 without the requirement of filing a fee application or further Court order.  *See* Application to Employ, p. 3; 6-7; Proposed Order, ¶ 5.  Beyond that, the Debtor proposes to pay Royer at its customary hourly rates "for any additional, out-of-scope work it performs" subject to Court approval based on application to the Court.  Application to Employ, p. 3, 6-7; Proposed Order, ¶ 6.

6.      Royer estimates the total cost of services to be rendered in the Debtor's case to be approximately $70,275.  Application, p. 8.

## **OBJECTIONS**

7.      The burden of establishing that the proposed terms and conditions of employment are reasonable rests with the moving party.  *In re High Voltage Eng'g Corp*., 311 B.R. 320, 333 (Bankr. D. Mass. 2004).  *See also In re C & P Auto Transp., Inc.*, 94 B.R. 682, 686 (Bankr. E.D. Cal. 1988); *In re Westbrooks*, 202 B.R. 520, 523 (Bankr. N.D. Ala. 1996).  An applicant under § 327 has the burden of establishing by motion and accompanying affidavit that its chosen professional is qualified.  *In re Interwest Bus. Equip., Inc*., 23 F.3d 311, 318 (10th Cir. 1994); *In re Running Horse, L.L.C*., 371 B.R. 446, 451 (Bankr. E.D. Cal. 2007).  The United States Trustee contends that these burdens have not yet been met with regard to the proposed terms of employment.

8.      ***The Debtor Has Not Met Its Burden of Demonstrating That Royer Is Qualified to Be Retained Under 11 U.S.C. § 327 Because Royer Holds an Unsecured Claim Against the***

***Estate.*** Pursuant to § 327(a), a chapter 11 bankruptcy debtor may employ a professional person only if that person does not hold or represent an interest adverse to the estate and is disinterested:

> Except as otherwise provided in this section, the [debtor], with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor's] duties under this title.

11 U.S.C. § 327(a) (emphasis added). The Bankruptcy Code defines "disinterested person" as *inter alia*, "a person that …is not a creditor." 11 U.S.C. § 101(14)(A).

9. A professional who holds a pre-petition claim is not eligible for employment under § 372(a), because it is not "disinterested person" and because it holds an interest adverse to the estate. *See, e.g., In re LKM Indus., Inc.* 252 B.R. 589, 592 (Bankr. D. Mass. 2000) (professional who is creditor by virtue of prepetition service unrelated to debtor's Chapter 11 filing is *per se* disqualified, and bankruptcy court has no discretion to permit employment); *United States Trustee v. Price Waterhouse (In re Sharon Steel Corp.)*, 19 F.3d 138, 141 (3d Cir. 1994) (Bankruptcy Code "unambiguously forbid[s] a debtor in possession from retaining a prepetition creditor"); *In re Pillowtex,* 304 F.3d 246, 254 (3d Cir. 2002)("[A] bankruptcy court that approves the retention of a prepetition creditor of the estate necessarily abuses its discretion." ); and *In re Eastern Charter Tours, Inc.*, 167 B.R. 995, 997 (Bankr. M.D. Ga. 1994) ("The Bankruptcy Code clearly specifies that creditors may not be employed by the estate as professionals, and this Court is not free to ignore legislative enactments just because it may appear that another result might serve the interest of the estate.")

10. There is no "necessity of payment" exception to or end-run around § 327's requirement of disinterestedness. The United States Trustee expressly objects to the payment of

3

Royer's prepetition claim outside of a confirmed plan.  Royer is not disinterested and holds a claim adverse to the estate.  Absent a waiver of that claim, the Debtor's application for an order authorizing Royer's employment must be denied.

11.      ***No Fees or Expenses Should Be Paid Without the Filing and Court Approval of a Fee Application***.  Pursuant to §§ 330 and 331 and Federal Rule of Bankruptcy Procedure 2016, an appropriate fee application must be filed by an entity seeking interim or final compensation from the bankruptcy estate.  While the Application to Employ contemplates Royer's filing of a fee application for the "Hourly Services" it may perform, if any, the Application seeks pre-approval of payment for services not yet rendered in the amount of $70,275, which Royer estimates to be the total cost of services to be rendered in the Debtor's case.  Application, p. 8.  The United States Trustee objects to the payment of fees or reimbursement of expenses without the filing of an appropriate fee application reviewed and approved pursuant to the provisions of §§ 330 and 331 and Rule 2016.

12.      ***The Court Should Not Authorize the Payment of Fixed Fees in the Amounts Proposed***.  The Debtor proposes to pay Royer fixed fees for the services listed on page 6 of the Application (the "**Fixed Fee Services**").  The record with regard to the "Fixed Fee Services" is impermissibly vague, with the Debtor seeking approval for services for which no detailed description is provided.  By dollar amount, the largest category of service to be performed is "Prepare 2025 review" for a fixed fee of $39,290.  It is unclear whether the proposed fees are reasonable because the category is not self-explanatory and no information is provided to clarify what services "Prepare 2025 review" entails.  It also renders it difficult to determine which services may fall outside the scope of the Fixed Fee menu into the "Hourly Services"

realm because the Fixed Fee Services are not clearly defined.  In the absence of additional relevant information, the fixed fee amounts should not be authorized.

WHEREFORE, the United States Trustee respectfully submits this objection to the *Application of the Debtor for Order Authorizing: (I) Employment of Royer P.A. as Accountant and Tax Advisor for the Debtor, and (II) Allowance and Payment of Professional's Claim for Prepetition Services* [ECF No. 181].

Respectfully submitted,

WILLIAM K. HARRINGTON,
UNITED STATES TRUSTEE

Dated: April 8, 2026          By:          /s/ Ann Marie Dirsa
Ann Marie Dirsa BNH# 06121
Office of the United States Trustee
53 Pleasant Street, Ste. 2300
Concord, NH 03301
(603) 333-2781

## CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below I served copies of the foregoing pleading(s) entitled United States Trustee's Objection to the Application of the Debtor for Order Authorizing: (I) Employment of Royer P.A. as Accountant and Tax Advisor for the Debtor, and (II) Allowance and Payment of Professional's Claim for Prepetition Services to all parties named below by United States first class postage prepaid mail at the address(es) listed or in such other manner as I have indicated:

Via U.S. Mail, postage prepaid to:          N/A

Via the Court's CM/ECF system to:

- D. Sam Anderson, Esq.
- Brendan T. Barry, Esq.
- Letson Douglass Boots, Esq.
- Fred W. Bopp, III, Esq.
- John Patrick Burke, Jr.
- Aaron P. Burns, Esq.
- Bodie B. Colwell, Esq.

5

- David C. Johnson, Esq.
- Thomas A. Knowlton, Esq.
- Kenneth Warren Laughton
- Anthony J. Manhart, Esq.
- Kelly McDonald, Esq.
- Lindsay Zahradka Milne, Esq.
- Jennifer Novo, Esq.
- Adam R. Prescott, Esq.
- Brendan C. Recupero, Esq.

I, Ann Marie Dirsa, certify that I am eighteen (18) years of age or older, and under penalty of perjury, that the foregoing is true and correct.


Dated: April 8, 2026          By:          /s/ Ann Marie Dirsa
                                           Ann Marie Dirsa, BNH 06121
                                           Office of the U.S. Trustee
                                           53 Pleasant Street, Suite 2300
                                           Concord, NH 03301
                                           (603) 333-2781

6