**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| |
|---|
| **In re:** |
| **ARTSTOCK d/b/a Artist &** **Craftsman Supply,** |
| **Debtor** |

**Chapter 11**
**Case No. 25-20305-PGC**

**UNITED STATES TRUSTEE'S OBJECTION AND RESERVATION OF RIGHTS REGARDING DISCLOSURE STATEMENT WITH RESPECT TO PLAN OF REORGANIZATION OF ARTSTOCK D/B/A ARTIST & CRAFTSMAN SUPPLY DATED APRIL 20, 2026**

Pursuant to 28 U.S.C. § 586 and 11 U.S.C. §§ 1125 and 1129, William K. Harrington, the United States Trustee for Region 1 ("**United States Trustee**"), submits this objection and reservation of rights regarding the *Disclosure Statement With Respect to Plan of Reorganization of Artstock d/b/a Artist & Craftsman Supply Dated April 20, 2026* [ECF No. 259] ("**Disclosure Statement**") as follows:

## I.    PROCEDURAL STATUS

1.    On December 21, 2025, ARTSTOCK d/b/a Artist & Craftsman Supply ("**Debtor**") commenced the above-captioned voluntary chapter 11 case.  ECF No. 1.

2.    Upon information and belief, the Debtor is a Maine business corporation that operates a chain of independent art material retail locations in multiple states in addition to selling goods online.

3.    On April 20, 2026, the Debtor filed the current Disclosure Statement [ECF No. 259] in support of its Plan of Reorganization Dated April 20, 2026 [ECF No. 260] ("**Plan**").

## II.   OBJECTIONS AND RESERVATION OF RIGHTS

4.     The United States Trustee has sent inquiries to Debtor's counsel and raised objections to certain provisions in the Plan and the Disclosure Statement.

5.     With regard to the Disclosure Statement, the United States Trustee raised the following objections:

a. *Projections*: The Debtor's Plan calls for payments of Projected Net Disposable Income to holders of allowed Class 7 (General Unsecured) claims for a period of seven years, with a balloon payment in year seven. ECF No. 259, p. 21; ECF No. 260, pp. 19-20.  But the Debtor only provides five years' worth of projections in support of the Plan, not a full seven years' worth.  ECF No. 260-1.  Moreover, the projections that have been provided do not appear to include or show all Plan payments.  The United States Trustee has requested additional information from the Debtor regarding the projections and Plan feasibility.

b. *Voting*: The Disclosure Statement contains a provision stating, "Holders of Claims that fail to vote may be deemed to have accepted the Plan."  ECF 259, p. 11.  The United States Trustee objects to that language and requests that it be removed, because it is contrary to the Bankruptcy Code and Bankruptcy Rules.  Impaired creditors have no affirmative obligation to act on a plan and thus, no inference can be drawn from their silence.  *See, e.g.*, 11 U.S.C. § 1126(a) (providing that creditors "may" vote on a plan); Fed. R. Bankr. P. 3018(c) (acceptances must be in writing and conform to Form

314); *In re SunEdison, Inc.*, 576 B.R. 453, 460–461 (Bankr. S.D.N.Y. 2017) (holding creditors had no duty to speak regarding a plan that would allow a court to infer consent to a third-party release from silence).

6.      Certain objections raised by the United States Trustee may be characterized as Plan confirmation objections and not strictly Disclosure Statement issues.  While the United States Trustee seeks to consensually resolve these matters, if possible, the United States Trustee expressly reserves the right to object to confirmation on any and all grounds, including the following:

a. *Exculpation*: The United States Trustee objects to the Exculpation provision in the Plan and Disclosure Statement (ECF No. 260, p. 29; ECF No. 259, p. 24) as overbroad.  The United States Trustee has requested specific changes to that provision and provided a proposed redline to Debtor's counsel that would resolve the issues raised by the United States Trustee.

b. *Feasibility*: The United States Trustee contends that the projections filed in support of the Plan do not demonstrate feasibility for the reasons stated above.  The United States Trustee reserves the right to raise objections to confirmation of the Plan on feasibility grounds.

7.      The United States Trustee respectfully reserves the right to raise these issues in response to the Disclosure Statement and confirmation of the Plan if the parties are unable to resolve these matters consensually.

WHEREFORE, the United States Trustee submits this objection and reservation of rights regarding the *Disclosure Statement With Respect to Plan of Reorganization of Artstock d/b/a Artist & Craftsman Supply Dated April 20, 2026* [ECF No. 259].

Respectfully submitted,

WILLIAM K. HARRINGTON,
UNITED STATES TRUSTEE

Dated: May 26, 2026 By: /s/ Ann Marie Dirsa
Ann Marie Dirsa, BNH 06121
Office of the U.S. Trustee
53 Pleasant Street, Suite 2300
Concord, NH 03301
(603) 333-2781

## CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below I served copies of the foregoing pleading(s) entitled United States Trustee's Objection and Reservation of Rights Regarding the Disclosure Statement With Respect to Plan of Reorganization of Artstock d/b/a Artist & Craftsman Supply Dated April 20, 2026, to all parties named below by United States first class postage prepaid mail at the address(es) listed or in such other manner as I have indicated:

Via the Court's CM/ECF system to:

- D. Sam Anderson, Esq.
- Brendan T. Barry, Esq.
- Letson Douglass Boots, Esq.
- Fred W. Bopp, III, Esq.
- John Patrick Burke, Jr.
- Aaron P. Burns, Esq.
- Bodie B. Colwell, Esq.
- David C. Johnson, Esq.
- Thomas A. Knowlton, Esq.
- Kenneth Warren Laughton
- Anthony J. Manhart, Esq.
- Kelly McDonald, Esq.
- Lindsay Zahradka Milne, Esq.
- Jennifer Novo, Esq.
- Adam R. Prescott, Esq.
- Brendan C. Recupero, Esq.

4

I, Ann Marie Dirsa, certify that I am eighteen (18) years of age or older, and under penalty of perjury, that the foregoing is true and correct.

Dated: May 26, 2026 By: /s/ Ann Marie Dirsa
Ann Marie Dirsa, BNH 06121
Office of the U.S. Trustee
53 Pleasant Street, Suite 2300
Concord, NH 03301
(603) 333-2781