**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| **In re:**<br><br>**ARTSTOCK d/b/a ARTIST & CRAFTSMAN SUPPLY,**<br><br>**Debtor.**[1] | **Chapter 11**<br><br>**Case No. 25-20305** |

**DEBTOR'S FIRST OMNIBUS OBJECTION TO CERTAIN CLAIMS ON THE BASIS THAT SUCH CLAIMS: (A) ARE DUPLICATIVE OF OTHER CLAIMS; (B) WERE PARTIALLY SATISFIED BY THE DEBTOR; OR (C) WERE AMENDED BY A SUBSEQUENT CLAIM**

**ALL CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIM(S) IN THE OBJECTION AND THE SCHEDULE ATTACHED TO THE PROPOSED ORDER. FAILURE TO TIMELY OPPOSE THIS OBJECTION MAY RESULT IN THE COURT GRANTING THE OBJECTION AND MODIFYING YOUR CLAIM(S).**

Artstock, d/b/a Artist & Craftsman Supply, the above-captioned debtor and debtor-in-possession (the "**Debtor**"), files this first omnibus objection (the "**Objection**") to those certain claims (collectively, the "**Disputed Claims**") identified on the schedules attached to the proposed order filed herewith (the "**Proposed Order**") for the following reasons:

(a) a claim that duplicates another claim, as set forth on **Schedule A** to the Proposed Order (the "**Duplicate Claim**");

(b) claims that have been paid by the Debtor in part as set forth on **Schedule B** to the Proposed Order (collectively, the "**Partially Satisfied Claims**"); and

(c) a claim that was amended by a subsequently filed proof of claim by the creditor, as set forth on **Schedule C** to the Proposed Order (the "**Amended Claim**").

[1] The last four digits of the above-captioned debtor's federal taxpayer identification number are 6772, and its principal place of business is 100 Larrabee Road, Westbrook, Maine.

For the reasons set forth below, the Disputed Claims are unenforceable (in whole or in part) and should be disallowed or modified as set forth on the applicable schedule. In support of this Objection, the Debtor respectfully states as follows:

## JURISDICTION AND VENUE

1. The United States District Court for the District of Maine (the "**District Court**") has original, but not exclusive, jurisdiction over the Debtor's chapter 11 case pursuant to 28 U.S.C. § 1334(a) and over this Objection pursuant to 28 U.S.C. § 1334(b). Pursuant to 28 U.S.C. § 157 and Rule 16.8 of the District Court's local rules, the District Court has authority to refer and has referred this proceeding to this Court. The jurisdiction of this Court was preserved by the terms of the Plan (defined below).

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court has constitutional authority to enter judgment in this proceeding.

3. Venue over the chapter 11 case is proper in this district pursuant to 28 U.S.C. § 1408, and venue over this proceeding is proper in this district pursuant to 28 U.S.C. § 1409.

4. The relief sought in this Objection is predicated upon § 502(b) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 3001 and 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## BACKGROUND

5. On December 21, 2025 (the "**Petition Date**"), the Debtor commenced its chapter 11 case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code with this Court.

6. Pursuant to that certain *Notice of Chapter 11 Bankruptcy Case* entered on December 23, 2025 [Dkt. No. 25] (the "**Bar Date Notice**"), holders of prepetition claims, other than claims of governmental units, were required to file a proof of claim form on or before April

27, 2026 (the "**General Bar Date**"). The deadline for governmental units to assert a claim was 180 days from the Petition Date, which was June 19, 2026.

7. On July 21, 2026, this Court entered the *Order Confirming Second Amended Plan of Reorganization of Artstock d/b/a Artist & Craftsman Supply Dated July 20, 2026* [Dkt. No. 382] (the "**Confirmation Order**"), which confirmed the *Second Amended Plan of Reorganization of Artstock d/b/a Artist & Craftsman Supply Dated July 20, 2026* [Dkt. No. 371] (the "**Plan**").

8. Under the Plan, the Debtor has the authority to assert this Objection. Pursuant to the Plan, as noted above, this Court retained jurisdiction over the chapter 11 case such that it may hear this Objection. [See Plan, § XI(e)].

9. The Effective Date (as defined in the Plan) of the Plan was August 21, 2026. The Plan provides as follows regarding the deadline to file objections to claims:

> "**Claims Objection Deadline**" means the deadline for the Debtor to File objections to any asserted Claim, including Secured Claims, 503(b)(9) Claims, Priority Tax Claims, Priority Non-Tax Claims, and General Unsecured Claims, which is no later than ninety (90) days after the Effective Date, unless, upon motion of the Debtor, the Bankruptcy Court extends such deadline, as set forth in this Plan.

[Plan, § II]. Thus, pursuant to the Plan and the Confirmation Order, this Objection is timely filed.

**RELIEF REQUESTED**

10. By this Objection, the Debtor requests entry of the Proposed Order, pursuant to § 502 of the Bankruptcy Code and Bankruptcy Rules 3001 and 3007: (a) sustaining the Objection; (b) disallowing or modifying the Disputed Claims in the manner reflected on the schedules attached to the Proposed Order; and (c) granting such other and further relief as this Court deems just and equitable.

## LEGAL STANDARD

### A. Objecting to Claims

11. Sections 501 and 502 of the Bankruptcy Code govern the filing and allowance of creditor claims in bankruptcy proceedings. When a debtor files for relief, each creditor is entitled to file a proof of claim against the debtor's estate pursuant to § 501 of the Bankruptcy Code. Once a creditor has filed such a proof of claim, the bankruptcy court must determine whether the claim is "allowed." Section 502(a) of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).

12. Section 502(b) further provides that if an objection to a claim is filed, the court, after notice and a hearing, "shall allow such claim . . . except to the extent that . . . such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law[.]" 11 U.S.C. § 502(b)(1). Thus, a proof of claim that fails to credit postpetition payments overstates the balance owed to the creditor and is subject to reduction. See In re Kahm & Nate's Shoes No. 2, Inc., 97 B.R. 420, 429 (Bankr. N.D. Ill. 1989) (concluding creditor may be entitled to payment on claim upon showing accurate amount of claim after accounting for postpetition payments). Furthermore, a proof of claim that duplicates another claim is unenforceable and should be disallowed. See In re Pierport Dev. & Realty, Inc., 491 B.R. 544, 547 (Bankr. N.D. Ill. 2013) ("A claim that seeks duplicate recovery for the same debt is partially unenforceable to the extent of the duplication."). See also Fed. R. Bankr. P. 3007(d)(2)(A) (permitting omnibus objection of claims duplicating other claims).

13. Because creditors are granted broad discretion to amend a filed proof of claim, see Gens v. Resolution Trust Corp., 112 F.3d 569, 575 (1st Cir. 1997), a proof of claim that has been amended by another claim is also subject to disallowance. See In re Goldberg, 234 B.R. 159, 161

(Bankr. M.D. Fla. 1999) (concluding that superseded claim "should be disallowed without further discussion.").

**B. Omnibus Objections**

14. Bankruptcy Rule 3007(d) permits omnibus claim objections when the basis for the objection is that the claims should be disallowed, in whole or in part, for having been satisfied or released during the case in accordance with the Bankruptcy Code, applicable rules, or a court order. See Fed. R. Bankr. P. 3007(d)(2)(e).

15. Further, to provide claimants affected by omnibus objections with adequate notice thereof, Bankruptcy Rule 3007(e) requires that omnibus objections satisfy the following requirements:

> (1) state in a conspicuous place that claimants receiving the objection should locate their names and claims in the objection; (2) list claimants alphabetically, provide a cross-reference to claim numbers, and, if appropriate, list claimants by category of claims; (3) state the grounds of the objection to each claim and provide a cross-reference to the pages in the omnibus objection pertinent to the stated grounds; (4) state in the title the identity of the objector and the grounds for the objections; (5) be numbered consecutively with other omnibus objections filed by the same objector; and (6) contain objections to no more than 100 claims.

Fed. R. Bankr. P. 3007(e).

**OBJECTIONS**

**A. Duplicate Claim**

16. The Debtor objects to the Duplicate Claim on **Schedule A** to the Proposed Order. The Debtor has reviewed the Duplicate Claim and determined that it is duplicative of the claim filed by the Puppet Company LLC on January 30, 2026 [Claim No. 46] (the "**Puppet Company Claim**"). Both the Duplicate Claim and the Puppet Company Claim are in the amount of **$3,820.14**, and the supporting documents attached to each claim indicate that the Duplicate Claim seeks compensation for the same invoices as the Puppet Company Claim. Thus, the

Duplicate Claim is duplicative of the Puppet Company Claim and should be disallowed. See In re Pierport Dev. & Realty, 491 B.R. at 547; see also In re Budd Company, Inc., No. 14 B 11873, 2015 WL 9264684, at *2 (Bankr. N.D. Ill. Dec. 16, 2015) (citing In re Pierport Dev. & Realty, supra) ("Claims which are clearly the result of duplication rather than independent rights to recovery are unenforceable, in whole or in part, to the extent of the duplication.").

17. Accordingly, the Debtor requests that the Duplicate Claim be disallowed as set forth on **Schedule A**.

**B. Partially Satisfied Claims**

18. The Debtor further objects to the Partially Satisfied Claims on **Schedule B** to the Proposed Order. The Debtor has reviewed the Partially Satisfied Claims and has determined that each was paid in part by the Debtor during the chapter 11 case and that the creditors holding the Partially Satisfied Claims failed to account for the post-petition payments and failed to properly limit their claims to the Petition Date. The Partially Satisfied Claims, therefore, each constitute a claim that is "unenforceable against the debtor and property of the debtor, under any agreement," 11 U.S.C. § 502(b)(1), because the claimant cannot enforce a claim for an amount due which has been paid by the Debtor. See In re Hersch, 84 B.R. 430, 431-432 (Bankr. E.D. Va. 1988) (granting objection and modifying claim to reflect postpetition payment). Therefore, the Partially Satisfied Claims should be modified pursuant to § 502(b) in the manner reflected on **Schedule B** to the Proposed Order.

19. Moreover, failure to grant the relief requested herein would result in certain creditors receiving multiple payments on account of the same claim, to the detriment of other creditors. Cf. R & W Enterprises v. Rhodey (In re R & W Enterprises), 181 B.R. 624, 648 (Bankr. N.D. Fla. 1994) (concluding balance of equities requires recovery from overpaid creditor to fund distribution to underpaid creditor). Thus, in addition to being subject to modification under 11

U.S.C. § 502(b)(1), the overstated claims violate the chapter 11 policy of "maximiz[ing] the value of the estate for the benefit of all creditors . . . ." Lykes Bros. S.S. Co., Inc. v. Hanseatic Marine Serv. (In re Lykes Bros. S.S. Co., Inc.), 207 B.R. 282, 284 (Bankr. M.D. Fla. 1997).

20. Accordingly, the Debtor requests that each of the Partially Satisfied Claims be modified as set forth on **Schedule B** to the Proposed Order.

**C. Amended Claim**

21. Finally, the Debtor objects to the **Amended Claim** on **Schedule C** to the Proposed Order. The Amended Claim was superseded when the creditor that filed the original claim thereafter filed a second claim (the "**Superseding Claim**") amending the Amended Claim. To avoid a duplicative claim by the same creditor, the Debtor seeks to disallow the Amended Claim such that only the Superseding Claim survives for purposes of this Objection.[2] This relief will prevent multiple payments toward the same claim, and is not prejudicial to the relevant creditor because the Superseding Claim was likely filed with the intent to supplant the Amended Claim now being disallowed.

22. According, the Debtor requests that the Amended Claim be disallowed as set forth on **Schedule C** to the Proposed Order.

## PROCEDURAL REQUIREMENTS FOR OMNIBUS OBJECTIONS

23. The Debtor submits that this Objection meets or exceeds the procedural requirements under Bankruptcy Rule 3007(e). This Objection has been or will be served on each affected creditor, and it clearly identifies the claims filed by each claimant that is the subject of the Objection and the grounds therefor.

[2] The Debtor believes that the Superseding Claim is overstated and reserves the right to object to the Superseding Claim in a separate filing.

24. Specifically, the Objection states, among other things: (a) the name of the claimant asserting the Disputed Claim; (b) the claim number from the claims docket or other information identifying the Disputed Claim; and (c) the amount asserted by the creditor asserting the Disputed Claim. Additionally, the Objection (or the notice to accompany the Objection in accordance with the applicable rules): (i) states the basis of the Objection; (ii) identifies a response date and response procedure; and (iii) identifies the hearing date and related procedures.

**SEPARATE CONTESTED MATTERS**

25. To the extent a timely response is filed regarding any Disputed Claim listed in this Objection and the Debtor is unable to resolve the response consensually, the objection by the Debtor to such claim shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Any order entered by this Court regarding an objection asserted herein shall be deemed a separate order with respect to each Disputed Claim subject thereto.

**RESERVATION OF RIGHTS**

26. Nothing contained herein is or should be construed as: (i) an admission or allowance as to the validity of any claim against the Debtor; (ii) a waiver of the Debtor's right to dispute or object to any claim on any other grounds; or (iii) a new promise to pay any claim.

**NOTICE**

27. A copy of this Objection, the Proposed Order, and any notice of hearing will be served on the following parties on the date and in the manner set forth in the certificate of service (and as otherwise may be ordered by this Court): (a) the U.S. Trustee; (b) all parties receiving notice via the Court's CM/ECF system; and (c) each party holding a Disputed Claim or their counsel (if applicable).

## CONCLUSION

For the reasons set forth herein, the Debtor requests that this Court enter the Proposed Order: (i) sustaining this Objection; (ii) disallowing or modifying the Disputed Claims in the manner reflected in the Proposed Order; and (iii) granting such other and further relief as may be just and proper.

Dated: September 18, 2026

**ARTSTOCK, d/b/a**
**ARTIST & CRAFTSMAN SUPPLY**

By its counsel:

*/s/ Sam Anderson*
D. Sam Anderson
Adam R. Prescott
**BERNSTEIN SHUR**
100 Middle Street, PO Box 9729
Portland, Maine 04104
Telephone: (207) 774-1200
Facsimile: (207) 774-1127
sanderson@bernsteinshur.com
aprescott@bernsteinshur.com