**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| **In re:**<br><br>**ARTSTOCK d/b/a ARTIST & CRAFTSMAN SUPPLY,**<br><br>**Debtor.**[1] | **Chapter 11**<br><br>**Case No. 25-20305** |

**ORDER ON DEBTOR'S FIRST OMNIBUS OBJECTION TO CERTAIN CLAIMS ON THE BASIS THAT SUCH CLAIMS: (A) ARE DUPLICATIVE OF OTHER CLAIMS;** (B) **WERE PARTIALLY SATISFIED BY THE DEBTOR; OR (C) WERE AMENDED BY A SUBSEQUENT CLAIM**

Upon consideration of the *Debtor's First Omnibus Objection to Certain Claims on the Basis that Such Claims: (A) Are Duplicative of Other Claims; (B) Were Partially Satisfied by the Debtor; or (C) Were Amended by a Subsequent Claim* [Dkt. No. __] (the "**Objection**"),[2] and the responses thereto, if any; and this Court finding that: (a) this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Plan; (b) this matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2); and (c) notice of the Objection was due and proper under the circumstances and that no other or further notice need be given; and after due deliberation and sufficient cause appearing therefor; it is hereby **ORDERED, ADJUDGED,** and **DECREED** as follows:

1. The Objection is sustained and the relief requested therein is granted.

2. The Duplicative Claim listed on **Schedule A** attached hereto is disallowed as set forth on **Schedule A**.

[1] The last four digits of the above-captioned debtor's federal taxpayer identification number are 6772, and its principal place of business is 100 Larrabee Road, Westbrook, Maine.

[2] Capitalized terms used, but not otherwise defined herein, shall have the meaning ascribed to such terms in the Objection.

3. The Partially Satisfied Claims listed on **Schedule B** attached hereto are modified as set forth on **Schedule B**.

4. The Amended Claim listed on **Schedule C** attached hereto is disallowed as set forth on **Schedule C**.

5. This Order is without prejudice to the Debtor's or any other party in interest's rights to: (a) object to claims on any other grounds; and (b) object, on any other grounds, to any claim in the bankruptcy proceedings of the Debtor or any other claims (filed or not) against the Debtor's estate.

6. Each claim and the objections by the Debtor to such claim, as addressed in the Objection and as set forth in the schedules hereto, constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order shall be deemed a separate Order with respect to each claim that is subject to the Objection. Any stay of this Order pending appeal by any claimant whose claim(s) are subject to this Order shall only apply to the contested matter that involves such claimant and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters addressed in the Objection and this Order.

6. Nothing contained herein shall constitute, nor shall it be deemed to constitute, the allowance of any claim asserted against the Debtor or the estate.

7. This Court shall retain jurisdiction with respect to any matters related to or arising from the implementation of this Order.

Date:

____________________________________
The Honorable Peter G. Cary
Chief United States Bankruptcy Judge
District of Maine

# Schedule A

## Duplicate Claim

| Proof of Claim No. | Claimant Name | Claim Amount | Basis for Objection | Treatment of Claim |
|---|---|---|---|---|
| 88 | Euler Hermes N.A. – Agent for the Puppet Company LLC | **$3,820.14** | Claim duplicates Claim No. 45 (pg. 5-6) | Disallowed |

## **Schedule B**

## Partially Satisfied Claims

| Proof of Claim No. | Claimant Name | Claim Amount | Postpetition Payment | Basis for Objection | Treatment of Claim |
|---|---|---|---|---|---|
| 60 | Apollon Gotrick, Inc. | **$28,834.28** | **$4,818.74** | Claim does not reflect postpetition payment (pg. 5-6) | Allowed claim of **$24,015.54** |
| 44 | A.W. Faber-Castell USA, INC. | **$50,727.84** | **$3,308.69** | Claim does not reflect postpetition payment (pg. 5-6) | Allowed claim of **$47,419.15** |
| 32 | American Tombow Inc. | **$17,209.27** | **$665.25** | Claim does not reflect postpetition payment (pg. 5-6) | Allowed claim of **$16,544.02** |
| 48 | Bob's Fine Vine Charcoal | **$1,144.00** | **$328.00** | Claim does not reflect postpetition payment (pg. 5-6) | Allowed claim of **$816.00** |
| 4 | Canwil Textiles, Inc. | **$14,349.31** | **$598.64** | Claim does not reflect postpetition payment (pg. 5-6) | Allowed claim of **$13,750.67** |
| 19 | Dover Publications | **$2,093.72** | **$287.82** | Claim does not reflect postpetition payment (pg. 5-6) | Allowed claim of **$1,805.90** |
| 6 | Global Solutions, Inc. | **$3,436.86** | **$77.90** | Claim does not reflect postpetition payment (pg. 5-6) | Allowed claim of **$3,358.96** |
| 31 | Hachette Book Group | **$27,032.00** | **$12,558.20** | Claim does not reflect postpetition payment (pg. 5-6) | Allowed claim of **$14,473.80** |

| | | | | | |
|---|---|---|---|---|---|
| 13 | HK Holbein Inc | **$21,657.90** | **$2,609.82** | Claim does not reflect postpetition payment (pg. 5-6) | Allowed claim of **$19,048.08** |
| 11 | House of Marbles | **$2,071.41** | **$1,476.71** | Claim does not reflect postpetition payment (pg. 5-6) | Allowed claim of **$603.70** |
| 36 | Jack Richeson & Co., Inc. | **$68,841.44** | **$2,862.74** | Claim does not reflect postpetition payment (pg. 5-6) | Allowed claim of **$65,978.70** |
| 28 | Libeco | **$5,093.46** | **$1,697.82** | Claim does not reflect postpetition payment (pg. 5-6) | Allowed claim of **$3,395.64** |
| 51 | MCS Industries, Inc | **$13,585.30** | **$1,241.94** | Claim does not reflect postpetition payment (pg. 5-6) | Allowed claim of **$12,343.36** |
| 25 | Notions Marketing | **$28,571.70** | **$18,066.55** | Claim does not reflect postpetition payment (pg. 5-6) | Allowed claim of **$10,505.15** |
| 67 | OOK Industrial | **$1,736.00** | **$262.50** | Claim does not reflect postpetition payment (pg. 5-6) | Allowed claim of **$1,473.50** |
| 56 | Puget Sound Energy | **$384.49** | **$188.01** | Claim does not reflect postpetition payment (pg. 5-6) | Allowed claim of **$196.48** |
| 89 | Royal Brush Manufacturing, Inc. | **$33,570.69** | **$824.31** | Claim does not reflect postpetition payment (pg. 5-6) | Allowed claim of **$32,805.10** |

| | | | | | |
|---|---|---|---|---|---|
| 3 | Sakura of America | **$19,057.44** | **$630.06** | Claim does not reflect postpetition payment (pg. 5-6) | Allowed claim of **$18,427.38** |
| 43 | South Carolina Department of Revenue | **$21,950.78** | **$4,411.51** | Claim does not reflect postpetition payment (pg.5-6) | Allowed claim of **$17,539.27** |
| 40 | Sullivans USA | **$1,527.48** | **$126.78** | Claim does not reflect postpetition payment (pg. 5-6) | Allowed claim of **$1,400.70** |
| 45 | U.S. TelePacific Corp | **$3,339.63** | **$2,276.01** | Claim does not reflect postpetition payment (pg. 5-6) | Allowed claim of **$1,063.62** |
| 34 | Yellow Owl Workshop, Inc. | **$16,266.38** | **$1,015.98** | Claim does not reflect postpetition payment (pg. 5-6) | Allowed claim of **$14,750.58** |

## <u>Schedule C</u>

## Amended Claim

| Proof of Claim No. | Claimant Name | Claim Amount | Basis for Objection | Treatment of Claim |
|---|---|---|---|---|
| 92 | Kaplan 540 LLC | **$3,094.48** | Claim is amended by Claim No. 99 (pg. 6-7) | Disallowed |